UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PENN-AMERICA INSURANCE
COMPANY,

    Plaintiff,

v.                                                  Case No.: 8:08-cv-02538-EAK-AEP

LUCKY ENTERTAINMENT, LCC and
ICE CREAM 4 YOU INTERNATIONAL,
LCC,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT

THIS CAUSE is before the Court on Plaintiff's, PENN-AMERICA INSURANCE COMPANY, Motion for Summary Judgment (Dkt. 23) and Defendant's, LUCKY ENTERTAINMENT, LCC and ICE CREAM 4 YOU INTERNATIONAL, LLC, Memorandum in Opposition to Penn America Insurance Company's Motion for Summary Judgment (Dkt. 24, 25).

## BACKGROUND and PROCEDURAL HISTORY

On or about July, 9, 2008, ICE CREAM 4 YOU INTERNATIONAL, LCC (hereinafter "IC4Y") commenced an action in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Civil Division, against LUCKY ENTERTAINMENT, LCC, (hereinafter "Lucky") seeking $186,600.00 in damages for property that was removed, stolen, destroyed, or otherwise disposed (Dkt.1, Ex. B). This matter, styled as *ICE CREAM 4 YOU*

1

*INTERNATIONAL, LCC, Plaintiff vs. LUCKY ENTERTAINMENT, LCC, Defendant*, Case No. 08-CA-015316, Division F (hereinafter "underlying case") is currently pending before Judge Charles E. Bergmann (Dkt. 23). On or about June 1, 2004, Lucky entered into a commercial property lease (hereinafter "lease") with John Lehmkuhle (hereinafter "Lehmkuhle") and Siobahn Magee to operate a warehouse at 7102 Interbay Blvd., Tampa, Florida (hereinafter "warehouse") (Dkt. 1, Ex. B). On or about August 25, 2006, IC4Y paid Lehmkuhle a fee to store ice cream cone buildings and ice cream equipment at the warehouse (*Id.*). Subsequent to being stored at the warehouse, IC4Y alleges that the property was improperly removed, stolen, destroyed, or otherwise disposed (*Id.*). IC4Y allege that such improper handling of their property amounts to Negligence (Count I), a violation of Fla. Stat. §677.204 (Count II), a violation of Fla. Stat. §677.206 (Count III), and more specifically, pursuant to Fla. Stat. §677.206 required notice to IC4Y prior to the sale or disposition of the property upon termination of the storage agreement with Lehmkuhle (*Id.*).

In response to the above action, on or about December 22, 2008, Plaintiff, PENN-AMERICA INSURANCE COMPANY, (hereinafter "Penn-Am"), commenced an action in the United States District Court in the Middle District of Florida, naming Lucky and IC4Y as Defendants seeking declaratory relief that Penn-Am has no duty to defend and/or indemnify Lucky for the allegations brought by IC4Y(Dkt. 1). Penn-Am issued an insurance policy to Lucky providing $1,000,000.00 in liability coverage with an effective date of April 16, 2007, to April 16, 2008 (Dkt. 1). Penn-Am maintains that the policy contains an exclusion which specifically states:

This insurance does not apply to:

**j.      Damage to Property**

"Property Damage": to:

(4) Personal property in the care, custody or control of the insured. (*Id.*)

Penn-Am also asserts that based upon the underlying case they have no duty to defend or indemnify Lucky for the allegations contained therein because the type of loss is one not covered (*Id.*).

On or about February 16, 2009, IC4Y filed its answer to Penn-Am's complaint maintaining that the insurance policy at issue clearly and unambiguously provides coverage for the loss of property owned by IC4Y pursuant to the Building and Personal Property Coverage Form (BPP), paragraph A.1 c (1)(2) (Dkt. 8). On or about March, 9, 2009, Lucky filed its answer to Penn-Am's complaint alleging the aggregate policy limit is $2,000,000.00, not $1,000,000.00 as set forth in Penn-Am's complaint, and that the policy provision previously quoted by Penn-Am does not prevent or exclude coverage (Dkt. 13). Lucky also raises an affirmative defense that the subject policy provides a duty to defend and provides coverage for all claims asserted in the underlying action brought by IC4Y (*Id.*). In addition, Lucky counter claims for declaratory relief establishing that Penn-Am has a duty to defend and indemnify Lucky for all claims made in the underlying complaint (*Id.*).

On or about March 16, 2009, now plaintiff/counter defendant Penn-Am filed its answer to Lucky's counter claim (Dkt. 14). Penn-Am maintains that they have no duty to defend of indemnify Lucky and raised several defenses, i.e.Lucky's counter-claim fails to state a cause of action for which relief can be granted, Lucky's counter-claim is duplicative, that any recovery by

Lucky is limited to the terms, conditions, exclusions, and declarations of the insurance policy, and finally, that Lucky's recovery is barred by applicable, unambiguous exclusions, including, but not limited to, the exclusion for damage to the property of the care custody and control of Lucky (Dkt. 14).

On or about January 8, 2010, Penn-Am filed a Motion for Summary Judgment requesting declaratory relief against both Lucky and IC4Y (Dkt. 23). Penn-Am asserts that there are two coverage portions in Penn-Am's policy: a Commercial General Liability (CGL) portion; and the BPP portion, and that taking the allegation of the underlying case as truth, neither coverage part applies (*Id.*). Penn-Am alleges that the CGL coverage part does not apply to claims of property damage to personal property in Lucky's care, custody or control (*Id.*). Penn-Am further alleges that the BPP coverage part does not apply because the damage was not caused by, and did not result from, a Covered Cause of Loss (*Id.*). Finally, Penn-Am alleges that IC4Y can advance no physical evidence as to what happened to their property (*Id.*).

IC4Y and Lucky both filed an opposition to Penn-Am's Motion for Summary Judgment (Dkt. 25, 24). It is Penn-Am's Motion for Summary Judgment that is before this Court and in which this Court must now rule.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is

4

entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 317, 323-324 (1986).* The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex Corp. v. Catrett, 477 U.S. 317, 323-324 (1986).* That burden can be discharged if the moving party can show the Court that there is "an absence of evidence to support the nonmoving party's case." *Id at 323, 325*. When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing that there is a genuine issue of material fact. *Id. at 324.*

Issues of fact are "genuine" only if a reasonable jury, considering the evidence presented, could find for the nonmoving party. *Anderson, 477 U.S. at 249.* Material facts are those that will affect the outcome of the trial under governing law. *Id at 248; see also Hickson Corp. v. Crossarm Co., 357 F.3d 1256, 1259-60 (11th Cir. 2004).* In determining whether a material fact exists, the court must consider all the evidence in the light most favorable to the nonmoving party. *Sweat v. Miller Brewing Co., 708 F.2d 655 (11th Cir. 1983).* If the determination of the case rests on which competing version of the facts or events is true, the case should be submitted to the trier of fact. *Rollins v. TechSouth, Inc., 833 F.2d 1525, 1531 (11th Cir. 1987).*

## **DISCUSSION**

The basis of Penn-Am's Motion for Summary Judgment is that the type of loss incurred is not one covered under either the CGL or BPP portion of the insurance policy agreement and that IC4Y can advance no physical evidence as to what happened to their property stored at Lucky's facility. Lucky's position is that Penn-Am misstates the facts as they apply to the policy

5

and that the property was not in their care, custody or control. Further, Lucky contends that this was a type of covered loss under Exception B.h. to Covered Causes of Loss portion of the policy. IC4Y maintains that genuine issues of material fact exist and thus preclude Penn-Am from summary judgment, specifically evidenced by the affidavit of Lehmkuhle.

**I.  Care, Custody or Control**

In Lehmkuhle's affidavit he states that, through Greg Sausaman, he entered into a contract with IC4Y for the transportation and storage of ice cream cone buildings and ice cream equipment at the warehouse (Dkt. 25-1). Lehmkuhle further states that upon his eviction from the warehouse, Larry Carpenter informed him that he was hired by Lucky to clear the warehouse and, subsequently, Lehmkuhle witnessed the ice cream cone buildings, that he had transported to and stored at the warehouse, being destroyed by Carpenter (Dkt. 25-1). According to Lehmkuhle, Carpenter destroyed the buildings through his operation of heavy equipment and Lehmkuhle then witnessed the remaining pieces of the ice cream cone buildings being loaded into a trash container and transported off of the warehouse premises by Carpenter (Dkt. 25-1).

According to the deposition of the owner of Lucky, Louis Betz, Carpenter was hired by Betz to clear the warehouse property and Betz had seen a piece of a cone building on a trailer (Dkt. 25-2 p. 35). Further, according to an IC4Y employee, Greg Sausaman, when Carpenter was asked by Sausaman whether he remembered seeing any cone shaped building on the property he cleared, Carpenter answered in the affirmative (Sausaman Dep. p. 69). When Sausaman was told by Carpenter that the buildings had been taken to the disposal site, Sausaman asked if he would

6

be able to go see them, to which Carpenter replied that the buildings had been bulldozed and that they were now kindling (Sausaman Depo. p. 69).

Turning to Carpenter's deposition, Carpenter maintains that there were no buildings on the property (Carpenter Depo. p 6). When Carpenter was asked whether he ever saw any buildings resembling an ice cream cone he responded that he had not (Carpenter Depo. p. 13). Carpenter also maintained that while he was clearing the property he and Betz had no contact (Carpenter Depo. p. 14). Carpenter then stated that he didn't really remember whether or not he told Sausaman that he had seen ice cream cone buildings at the warehouse and that they had been demolished (Carpenter Depo. p. 33).

"Whether a care, custody, or control provision applies is a fact-sensitive question of whether the property was in the possessory control of the insured at the time of the damage." *Essex Insurance v. Rodgers Brothers Services, Inc.,* 2007 WL 2298356 (M.D. Fla., August 7, 2007) citing *Shankle v VIP Lounge, Inc.,* 468 So.2d 548, 549 (Fla. 5th DCA 1985). As stated above, issues of fact are "genuine" only if a reasonable jury, considering the evidence presented, could find for the nonmoving party, here Lucky and IC4Y (*Anderson supra*). Given the above summary of depositions and affidavit, this Court finds that the issues of fact are genuine in regard to whether or not Carpenter destroyed the ice cream buildings and who maintained care, custody and control over IC4Y's property. A reasonable jury may make the reasonable inference that Carpenter did indeed destroy the buildings and that the lease evidences the property was not in the care, custody or control of Lucky, but instead Lehmkuhle. In addition, Lehmkuhle maintains in his affidavit that he witnessed Carpenter destroy and load the ice cream buildings

into his trailer (Dkt. 25-1). IC4Y maintains that the lease proves the Lehmkuhle had possession and control of the items and not Lucky. To conclude that the property was in Lucky's care, custody or control would be premature and contradictory to the evidence presented within parties' motions and responses thereto. Who had the care, custody, and control of the property is also an issue that must be examined in the light most favorable to the non-movants. Further, IC4Y maintains that payment for storage was not paid to Lucky, but to Lehmkuhle, thus, there exists a material fact of who was in possessory control of the property stored at the warehouse. As such, the moving party, Penn-AM, has not met its burden of proving that no genuine issue of material fact exists.

The contention that IC4Y can advance no physical evidence of what happened to their property, as alleged in Penn-Am's Motion for Summary Judgment, is not determinative of the outcome of Penn-Am's Motion for Summary Judgment as the deposition of Sausaman is evidence of what happened to their property. There are also photographs in the pleadings that provide physical evidence that the ice cream cone buildings were at the warehouse (Carpenter Depo., Ex. 2). Thus, when examining this evidence in favor of the non moving party, the evidence permits the reasonable inference that the ice cream cone buildings were at the warehouse and were destroyed by Carpenter, and that the ice cream cone buildings were in the care, custody or control of Lehmkuhle, not Lucky.

## II. Whether or Not Type of Loss is a Covered Loss

Penn-Am admits in its Motion for Summary Judgment that Lucky's BPP coverage may be extended to other parties, but maintains that this was not a covered loss under Causes of Loss-

Special Form Section C., Subpart 1. e and Subpart 1. f. Lucky maintains that under Causes of Loss-Special Form Section B. h., which states the exclusion does not apply to acts of destruction by employees, the loss would be covered as Carpenter was employed by Lucky. Thus, there exists doubt as to which provision under Causes of Loss-Special form should apply; 1.e and 1.f or B.h. Under Florida law, if the allegations of the complaint leave any doubt as to the insurer's duty to defend, the question must be resolved in favor of the insured. *State Farm Fire and Casualty Co. v. Steinberg,* 393 F.3d 1226 (11th Cir. 2004); *Lime Tree Village Comm. Club Association Inc. v. State Farm General Insurance Company*, 980 F.2d 1402 (11th Cir. 1993). In light of such, this issue must be resolved in favor of the non-movants as there exists doubt regarding a duty to defend as parties allege multiple portions of the policy apply in the instant case. Accordingly, it is:

**ORDERED** that the Plaintiff's, PENN-AMERICAN INSURANCE COMPANY, Motion for Summary Judgment be **DENIED** and this Court will set this case for trial as soon as practicable.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 22nd day of April, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record