UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PENN-AMERICA INSURANCE
COMPANY,

                Plaintiff,

v.                                              Case No. 8:08-cv-02538-EAK-AEP

LUCKY ENTERTAINMENT, LLC and
ICE CREAM 4 YOU INTERNATIONAL, LLC,

                Defendants.
_____

## O R D E R

This cause is before the Court on the following: Defendant, Lucky Entertainment, LLC's,
Motion to Modify or Clarify Order of Entry Judgment and Judgment in a Civil Case (Doc. 37);
Plaintiff, Penn-America Insurance Company's Motion to Strike and Memorandum of Law in
Opposition to Defendant's Notice of Settlement (Doc. 38); Defendant, Lucky Entertainment, LLC's,
Opposition to Plaintiff's Motion to Strike Notice of Settlement (Doc. 39); Plaintiff, Penn-America
Insurance Company's, Motion to Strike Defendant's Opposition to Plaintiff's Motion to Strike and
Memorandum of Law in Opposition to Defendant's Motion to Modify or Clarify (Doc. 42); Plaintiff,
Penn-America Insurance Company's, Notice of Filing Amended Citation to Authority in Plaintiff's
Motion to Strike and Memorandum of Law in Opposition to Defendant's Notice of Settlement (Doc.
43); Defendant, Lucky Entertainment, LLC's, Response in Opposition to Plaintiff's Motion to Strike

Defendant's Opposition to Plaintiff's Motion to Strike (Doc. 44). Based on the following discussion, the Court finds that Plaintiff's motions are denied and Lucky's motions are granted.

## I. Relevant Procedural Background

1.   On July 9, 2008, Defendant, Ice Cream 4 You International, LLC (IC4U) filed its complaint against Lucky Entertainment, LLC. (Lucky) in the Circuit Court of the Thirteenth Judicial District in and for Hillsborough County, Florida, Civil Division.  (Doc. 1).

2.   Lucky "was a warehouseman" engaged in the business of storing goods for hire pursuant to Florida Statutes § 677.102.  Case No. 08-CA-015316, and leased property, located at 7102 Interbay Blvd., Tampa, Florida 33618, to John Lehmkuhle.  (Doc. 1).

3.   IC4U's alleges that: (a) it paid Lehmkuhle to store its personal property at said location; (b) its personal property was "improperly removed, stolen, destroyed, or otherwise disposed";  (c) Lucky terminated its storage agreement with Lehmkuhle without its knowledge and "made no effort to protect or secure" its property or to notify IC4U "regarding the disposition of" its property; and (d) Lucky failed to return its personal property or to pay the reasonable value of its missing property. (Doc. 1)  As a result, IC4U claims against Lucky: Negligence (Count I), Violation of Fla. Stat. § 677.204 (Count II) and Violation of Fla. Stat. § 677.206 (Count III).  *Id.*

4.   Penn-America issued an insurance policy, No. PAC6676760, to Lucky that provided $1,000,000.00 in liability coverage, effective from April 16, 2007 to April 16, 2008.  (Doc. 1).

5.   On December 22, 2009, Penn-America sought a declaration from this Court regarding its rights and duties to Lucky for the claims alleged by IC4U.  (Doc. 1).

6.   Penn-America and IC4U settled the underlying case, styled as ICE CREAM 4 YOU INTERNATIONAL, LLC, Plaintiff vs. LUCKY ENTERTAINMENT, LLC, Defendant, Case No. 08-CA-015316, Division F.  On or about May 10, 2010, it was voluntarily dismissed with prejudice.

7.   On May 17, 2010, Lucky filed its Notice of Settlement of Underlying Action Rendering Coverage Dispute Moot Except to As to Amount of Fees.  (Doc. 30).

8.   On May 18, 2010, this Court entered an order requiring Penn-America to respond to the Notice of Settlement.  (Doc. 31).

9.   On May 25, 2010, IC4U filed its Stipulation of Judgment in which IC4U: a) stipulates that judgment should be entered in favor of Penn-America declaring that there is no coverage under Penn-America's policy for its allegations against Lucky; and b) withdraws its opposition to Penn-America's Motion for Summary Judgment.  (Doc. 32).

10.   On June 1, 2010, this Court entered its Order for Entry of Judgment directing the Clerk of Court to enter judgment in accordance with IC4U's Stipulation of Judgment.  (Doc. 35).  The Clerk of Court entered Judgment accordingly.  (Doc. 36).

11.   On June 4, 2010, Lucky filed its Motion to Modify or Clarify Order of Entry of Judgment and Judgment in a Civil Case.  (Doc. 37).

12.   On June 4, 2010, Penn-America filed its Motion to Strike and Memorandum of Law in Opposition to Lucky's Notice of Settlement.  (Doc. 38).

13.   On June 9, 2010, Lucky filed its Opposition to Plaintiff's Motion to Strike Notice of Settlement.  (Doc. 39).

14.  On June 21, 2010, Penn-America filed its Motion to Strike Defendant's Opposition to Plaintiff's Motion to Strike Defendant's Opposition to Plaintiff's Motion to Strike and Memorandum of Law in Opposition to Defendant's Motion to Modify or Clarify.  (Doc. 42).

15.  On June 22, 2010, Lucky filed its Response in Opposition to Plaintiff's Motion to Strike Defendant's Opposition to Plaintiff's Motion to Strike.  (Doc. 44).

## II. Plaintiff's Motion

Penn-America argues that Lucky is not entitled to attorney fees as a result of Penn-America's settlement of the underlying state court case brought against Lucky by IC4U because Penn-America has not declined to defend its refusal of coverage to Lucky; rather, Penn-America defended Lucky pursuant to a reservation of rights that there was no insurance coverage for the claims brought against Lucky by IC4U.  (Doc. 38).  Moreover, Penn-America maintains that its reservation of rights to defend its coverage position against Lucky distinguishes it from other relevant case law.  *Id.* Accordingly, Penn-America requests that this Court: (1) strike Lucky's Notice of Settlement of Underlying Action Rendering Coverage Dispute Moot Except as To Amount of Fees as an improper request for entry of a court order; (2) enter an order stating that Lucky is not entitled to attorney fees; and (3) enter an order stating that despite the settlement between Penn-America and IC4U, Penn-America's declaratory action against Lucky is not moot.  *Id.*

## III. Defendant's Response.

Lucky argues that by Penn-America's settling the underlying lawsuit on its behalf, Penn-America has "provided the exact relief it claims in this case it is not responsible for providing;" thus, Penn-America has functionally acknowledged its duty to provide coverage for Lucky. (Doc. 39).  Moreover, Lucky maintains that an insurer's express waiver of a position is

unnecessary in the face of settlement because waiver of position is automatic, and Penn

America's stipulation with IC4U, non-party to the insurance policy, that there is no coverage for

attorney fees should be of no effect.  *Id*.  Accordingly, Lucky requests: (1) denial of Penn-

America's Motion to Strike; (2) order stating that Penn-America's declaratory action is moot,

which therefore must be dismissed; and (3) award the insured, Lucky, attorney fees and costs in

an amount to be determined upon appropriate motion, notice, and hearing.  *Id*.

### IV. Discussion

The myriad filings in this matter have served to complicate the factual and legal issues;

thus, a reconsideration is prudent "to correct clear error or prevent manifest injustice."  *See, e.g.,*

*Poe Fin. Group, LLC v. Poe (in re Poe Fin. Group, Inc.),* 2010 U.S. Dist. Lexis 59616 (M.D.

Fla. June 16, 2010).  Each party has vigorously argued various positions.  None of the confusion

that has abounded can be attributed to bad faith by any party.  No filings made by the parties will

be stricken or rescinded from the record.  All filings shall remain so that the court may review

them and give them the appropriate weight, credibility, and influence.  Pursuant to Fed. R. Civ.

P. 59(e) and 60(b)(1) and 60(b)(6), this order amends and/or clarifies any prior order(s) not

consistent with this order.

The remaining issue in this case is what affect does the Penn-America settlement

agreement with IC4U have on the underlying case against Lucky with regard to attorney fees.

Florida Statute § 627.428, Attorney Fee, provides in relevant part:

> (1) Upon the rendition of a judgment or decree by any of the courts of this state against an
> insurer and in favor of an insured or the named beneficiary under a policy or contract
> executed by the insurer, the trial court, or, in the event of an appeal in which the insured or
> beneficiary prevails, the appellate court, shall adjudge or decree against the insurer and in
> favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's
> or beneficiary's attorney prosecuting the suit in which the recovery is had.

(3) Where so awarded, compensation or fees of the attorney shall be included in the judgment or decree rendered in the case.

Florida courts have interpreted this law to mean that the payment of a settlement claim is the functional equivalent of a confession of judgment or a verdict in favor of the insured.  *See, e.g., Wollard v. Lloyd's & Cos. Of Lloyd's*, 439 So. 2d 217, 218-19 (Fla. 1983).  Moreover, the insured may recover attorney fees incurred in determining whether a valid settlement agreement exists at all.  *See, e.g., Pepper's Steel & Alloys, Inc. v. United States*, 850 So. 2d 462, 465 (Fla. 2003).

Penn-America paid IC4U to settle and resolve the claim by IC4U against Lucky.  IC4U, a non-party to the subject contract between Penn-America and Lucky, can not stipulate away any rights that Lucky may have under its insurance policy with Penn-America.[1]  Although Penn-America attempts to reserve rights to defend its position that Lucky is not covered, this is not dispositive.  Case law mandates that Penn-America's settling the underlying lawsuit on behalf of Lucky resolves the coverage dispute between Lucky and Penn-America, except as to attorney fees.  Penn-America must pay attorney fees in amount to be determined upon appropriate motion, notice, and hearing.  Accordingly, it is

**ORDERED** that: Plaintiff's motions are **denied** (Docs. 38, 42); Defendant's motions are

---

[1]This notion is black letter law.  The court sees no case law citation to the contrary in Penn-America's memorandum of law.

**granted** (Docs. 37, 39, 44), in that all issues are resolved except attorney fees and the parties are directed to consult on the amount of attorney fees.  If unable to come to an agreement, the Defendant Lucky shall file an appropriate motion for the same; the Clerk of Court shall enter Judgment for Defendant, Lucky Entertainment, LLC. and against the Plaintiff.  The case will be closed upon the resolution of the issue of attorney fees.

      **DONE and ORDERED** in Chambers, in Tampa, Florida, this 30th day of July, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to all Counsel and Parties.